UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY WAYNE WALTON, II,<br><br>Petitioner,<br><br>v.<br><br>SUTTER COUNTY SUPERIOR COURT,<br><br>Respondent. | No. 2: 17-cv-0264 KJN P<br><br>ORDER & FINDINGS & RECOMMENDATIONS |

Petitioner, a prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Rule 4 of the Federal Rules Governing Section 2254 Cases provides that if it plainly appears from the petition that the petitioner is not entitled to relief in the district court, the district court must dismiss the petition. For the following reasons, the undersigned finds that it is clear that petitioner is not entitled to relief. Accordingly, this action should be dismissed.

Petitioner is incarcerated in the Sutter County Jail. Petitioner alleges that criminal charges are pending against him. Petitioner raises four claims for relief. First, petitioner alleges that he was subject to an unlawful search warrant. Second, petitioner alleges that the prosecution failed

1

to correct false testimony and that a Brady violation occurred.  Third, petitioner alleges that his trial counsel was ineffective for failing to file motions on his behalf.  Fourth, petitioner alleges that he was denied his right to appeal his preliminary hearing.

As an initial matter, the court notes that petitioner filed his petition in this court pursuant to 28 U.S.C. § 2254.  It is undisputed that petitioner is awaiting jury trial in state court on felony criminal charges.  A pretrial detainee is not a "person in custody pursuant to the judgment of a State court" within the meaning of § 2254(a).  However, this court has habeas corpus jurisdiction over these proceedings pursuant to 28 U.S.C. § 2241(c) (3) because petitioner alleges that his custody is "in violation of the Constitution or laws or treaties of the United States ...."  28 U.S.C. § 2241(c)(3); McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003).

Absent extraordinary circumstances, this court is barred from directly interfering with petitioner's ongoing criminal proceedings in state court.  See Younger v. Harris, 401 U.S. 37, 46 & 48–50 (1971); Brown v. Ahern, 676 F.3d 899, 903 (9th Cir. 2012) ("abstention principles generally require a federal district court to abstain from exercising jurisdiction over a habeas petition in which the petitioner raises a claim under the Speedy Trial Clause as an affirmative defense to state prosecution."); Carden v. Montana, 626 F.2d 82, 84 (9th Cir. 1980) (exceptions to the general rule of federal abstention arise only in "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or "in other extraordinary circumstances where irreparable injury can be shown.").

Younger abstention is appropriate when the following criteria are met:  (1) state judicial proceedings are pending; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity in state court to raise constitutional challenges. See Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). This case meets the Younger abstention criteria.  First, there is no dispute that petitioner's criminal proceedings are pending, and any relief granted here would interfere with those proceedings.  Second, the ongoing criminal proceedings implicate important state interests.  See Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most

powerful of the considerations that should influence a court considering equitable types of relief.").

Finally, petitioner has adequate opportunity in state court to raise constitutional challenges. See Lebbos v. Judges of the Superior Court, 883 F.2d 810, 813 (9th Cir. 1989) ("Abstention is appropriate based on 'interest of comity and federalism [that] counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'"). Lastly, petitioner has failed to establish that any exception to the Younger abstention doctrine applies in this case. In this regard,

> If state proceedings are conducted in bad faith or to harass the litigant, or other extraordinary circumstances exist, the district court may exercise jurisdiction even when the criteria for Younger abstention are met. See Gibson v. Berryhill, 411 U.S. 564, 578–79 (1973) (holding that Younger abstention did not apply to a suit to enjoin a proceeding before an administrative board that had a pecuniary interest in the outcome); Partington v. Gedan, 961 F.2d 852, 861 (9th Cir.1992) (referring to the " 'bad faith and harassment' exception" to Younger abstention).

Baffert v. California Horse Racing Bd., 332 F.3d 613, 621 (9th Cir. 2003). See also Dubinka v. Judges of the Superior Court, 23 F.3d 218, 225–26 (9th Cir. 1994) (federal court need not abstain in "extraordinary circumstances" such as when the state court proceedings are undertaken in bad faith or for purposes of harassment or are based upon a statute that is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph[.]")).

Petitioner is seeking to have this court intervene in an ongoing state criminal prosecution —precisely the type of circumstance to which Younger abstention was intended to apply. Petitioner has failed to establish that any of the above noted exceptions to that doctrine apply in his case. For the foregoing reasons, the undersigned recommends that this action be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis is granted;

2. The Clerk of the Court is directed to assign a district judge to this action; and

////

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 15, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Wal264.dis